UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-61866-CV-DIMITROULEAS

EDUARDO ALVAREZ CARCAMO**,**

        Petitioner,

v.

MARKWAYNE MULLIN , Secretary, U.S.
Department of Homeland Security (DHS);
*et al.*

        Respondents.

_____/

## <u>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE</u>

**THIS CAUSE** is before the Court on Petitioner Eduardo Alvarez Carcamo ("Petitioner")'s Emergency Petition for Writ of Habeas Corpus [DE 1], filed July 6, 2026. The Court has considered the Petition [DE 1] and is otherwise fully advised in the premises.

The Petition states that Mr. Flores was detained by ICE on July 3, 2026 in Miramar, Florida when he appeared for a scheduled OSUP appointment. *See* [DE 1] at ¶¶ 1, 56.

The federal habeas corpus statute, 28 U.S.C. § 2241, "authorizes a district court to grant a writ of habeas corpus whenever a petitioner is 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Cadet v. Bulger*, 377 F.3d 1173, 1181–82 (11th Cir. 2004) (quoting 28 U.S.C. § 2241(c)(3)). "It is the petitioner's burden to establish his right to habeas relief[,] and he must prove all facts necessary to show a constitutional violation." *Blankenship v. Hall*, 542 F.3d 1253, 1270 (11th Cir. 2008) (citation omitted).

Under the Eleventh Circuit in *Hernandez Alverez v. Warden, Federal Detention Center Miami, et al.,* 175 F.4th 1258 (11th Cir. 2026) it appears Petitioner is entitled to a bond hearing under § 1226(a). Nevertheless, a habeas petitioner must first exhaust administrative remedies

before seeking review in the district court. *See Santiago-Lugo v. Warden*, 785 F.3d 467, 475 (11th Cir. 2015) ("The exhaustion requirement is still a requirement; it's just not a jurisdictional one"). Petitioner must therefore move for a bond hearing with ICE before seeking intervention from this Court. Petitioner's speculation that he will not be granted a bond hearing does not suffice to meet the exhaustion requirement. The Court's action at this juncture would only serve to permit Petitioner to jump to the front of the bond-hearing line. At the same time, Petitioner may renew his petition upon a showing that he has requested a bond hearing with ICE and been improperly denied a hearing.

Accordingly, it is **ORDERED AND ADJUDGED** as follows

1. The Petition [DE 1] is **DENIED WITHOUT PREJUDICE** to renewing upon a showing that Petitioner has been improperly denied a bond hearing.

2. The Clerk is **DIRECTED** to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 7th day of July, 2026.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies to

Counsel of record